UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JEREMIAHA JOHNSON                                   PLAINTIFF

VS.                            CIV. CAUSE # 3:23cv076-GHD-JMV

DESOTO COUNTY, MISS.;
JOHN DOE DEPUTY SHERIFF 1;
JOHN DOE DEPUTY SHERIFF 2;
JOHN DOES DEPUTY SHERIFFS and
OTHER INDIVIDUALS AND ENTITIES 3-10                  DEFENDANTS

COMPLAINT
JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Jeremiaha Johnson, and files this, his Complaint against the Defendants and in support would show the following:

I.

JURISDICTION AND VENUE

1.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3) and (4). Venue is proper in this court pursuant to 28 U.S.C. § 1391 because the causes of action arose in this judicial district and division.

II.

PARTIES

2.     Plaintiff is an adult resident citizen of Red Banks, Marshall County, Mississippi 38661.

3.     Defendant Desoto County is a political subdivision of the State of Mississippi in the Northern Judicial District and may be served with process upon delivery of copies of a Summons and Complaint upon the President or clerk of the Board of Supervisors.

4. Defendant John Doe Deputy 1 may be served with process upon delivering copies of a Summons and Complaint to him personally at his place of employment, the Desoto County Sheriff's Department, 3091 Industrial Dr. W, Hernando, MS 38632 or by leaving copies of the Summons and Complaint at his usual place of abode with the Defendant's spouse or some other person of the Defendant's family above the age of sixteen years, who is willing to receive service, and by thereafter mailing a copy of the Summons and Complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the Summons and of the Complaint were left.

5. Defendant John Doe 2 may be served with process upon delivering copies of a Summons and Complaint to him personally at his place of employment, the Desoto County Sheriff's Department, 3091 Industrial Dr. W, Hernando, MS 38632 or by leaving copies of the Summons and Complaint at his usual place of abode with the Defendant's spouse or some other person of the Defendant's family above the age of sixteen years, who is willing to receive service, and by thereafter mailing a copy of the Summons and Complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the Summons and of the Complaint were left.

6. Defendants John Doe 3-10 are unknown individuals or entities who may be served with process upon delivering copies of a Summons and Complaint to each personally at their place of employment, the Desoto County Sheriff's Department, 3091 Industrial Dr. W, Hernando, MS 38632 or by leaving copies of the Summons and Complaint at the usual place of abode of each with the Defendant's spouse or some other person of the Defendant's family above the age of sixteen years, who is willing to receive service, and by thereafter mailing a copy

of the Summons and Complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the S and of the Complaint were left, or if an entity, with its registered agent for service of process. These John Doe Defendants may include all persons and/or entities involved in, or with knowledge of the events surrounding Mr. Johnson's Complaint, or any and all employees, agents and/or other entities who may be liable to Mr. Johnson for the actions and/or inactions described in this Complaint. John Does 3-10 may have aided and abetted the actions of John Doe 1 and/or John Doe 2, or Defendant County. Plaintiff can learn their identities and involvement, if any, only through discovery processes.

IV.

FACTS

7. On Wednesday, September 14, 2022, at about 11:30 p.m., Plaintiff Jeremiaha Johnson and his companion, Jeffrey Schooling, were riding in a vehicle on Old Highway 78 in Desoto County. Schooling was the driver and Johnson was sitting in the front passenger seat.

8. The vehicle belonged to Johnson's sister.

9. The men were headed toward Byhalia, Mississippi, two or three miles away, after having stopped at the Rainbow Market.

10. A Desoto County Sheriff's vehicle sat in a parking lot across the road as the two exited the Rainbow Market parking lot.

11. The Sheriff's vehicle, driven by DeSoto County Deputy John Doe 1, fell in behind the two men and followed at a distance before finally pulling up immediately behind them and activating his blue lights.

12. Schooling was not speeding. Plaintiff Johnson is not aware of any reason for the blue lights.

13. Schooling did not immediately stop as there was no safe place to pull over on the side of the road. He drove on for about a half mile or so before finding a safe place to pull over.

14. Once Schooling finally pulled over he stepped out of the car, as ordered by the officer.

15. The officer, who was standing at the rear of the men's vehicle, then ordered Johnson to exit the vehicle by sliding over to the driver's side as there was a steep drop-off on the passenger side of the car.

16. Johnson, who, at 260 pounds and six feet four inches tall is much larger than Schooling, began to squeeze past the steering wheel toward the door.

17. His foot happened to contact the brake pedal, activating the rear brake lights.

18. The officer, who was communicating with a dispatcher, yelled, "He's making a run for it!"

19. The officer immediately fired several shots at Johnson through the rear window of the vehicle, striking him once in the back.

20. Fearing for his life, Johnson started the vehicle and began to drive away.

21. He drove for a short distance, but the vehicle battery disconnected and the car died.

22. Johnson exited the vehicle and thought about running but saw other deputies converging around and decided not to run. He sat down on the ground with his hands in the air about 20 feet from the road.

23. As he waited there, arms in the air, a K-9 deputy, John Doe 2, appeared, and Johnson watched the K-9 deputy release his dog.

24.     The dog ran to the car and entered the front of the car before turning and exiting the car. The dog then ran directly to Johnson, biting into his right calf and ripping deep gashes in Johnson's leg.

25.     Johnson rolled to his stomach while the dog continued to bite into his leg. As Johnson laid on the ground, unable to escape and pinned to the ground by the k-9 dog, numerous deputies converged upon Johnson, further pinning him to the ground with their knees and cuffed Johnson.

26.     An ambulance was called and an EMT performed an emergency procedure to stem the blood flow.

27.     Johnson was then taken by ambulance on September 14, 2022, to Region One Hospital, known generally as The Med, in Memphis where he received emergency wound care while remaining under guard by deputies.

28.     Upon release from the hospital five days later on September 19, 2022, Johnson was escorted to the Desoto County Jail where he received wound treatment by a nurse.

29.     After several days in jail, Johnson made bail on the Desoto County charges on September 27, 2022. However, Marshall County had a hold on him, and Johnson was transferred to the Marshall County Detention Center in Holly Springs.

30.     At the Marshall County Detention Center Johnson was denied daily medical treatment since there was no nurse on staff.

31.     Johnson was, however, transported by deputies to The Med for a follow-up appointment on September 29, 2022. On other days he doctored his wounds himself until he was finally released on October 6, 2022, after a friend contacted a judge and told him about Johnson's serious wounds.

32. Once Johnson was released from jail, he was taken by the friend on October 9, 2022, to the emergency room at Methodist Le Bonheur Healthcare in Olive Branch, Mississippi, where his swollen leg was treated by a nurse practitioner who put him on IV antibiotics for infection.

33. His medical record reflects that he judged his pain to be at 10, the highest rating.

34. He was released from the emergency room that day with instructions for self-care at home.

35. However, Johnson could not successfully treat his wounds and on November 1, 2022, he was seen as an outpatient at the wound center of the Baptist North Mississippi Hospital in Oxford and was approved for outpatient wound care starting on November 1.

36. However, Johnson was refused antibiotics, so he went back to Methodist Olive Branch where he was placed on IV antibiotics again for infection.

37. There, Johnson had a bad allergic reaction to one of the medications. Medical staff stopped the IV and discharged him home with antibiotics and self-care.

V.

DAMAGES

38. As a direct and proximate result of the above-described attacks, Johnson has suffered and continues to suffer damages, including, but not limited to severe pain and suffering, temporary and permanent disability, mental anguish and emotional distress, embarrassment, fear, humiliation and loss of enjoyment of life, as well as medical expenses, lost wages, and loss of future earning capacity.

## VI.
### CLAIMS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION

39. Plaintiff hereby re-alleges and incorporates herein all the allegations contained in the foregoing paragraphs.

40. Defendant John Doe 1 is liable in his official and individual capacities to Plaintiff Jeremiaha Johnson for the use of excessive and unnecessary force in that:

    a. Johnson was severely injured by a bullet in the back, fired by this Defendant through the glass of the back window of the vehicle in which Johnson was a passenger, trying to exit the vehicle on the command of the officer.

    b. The injury resulted directly and only from a use of force that was clearly excessive; and

    c. The excessiveness was clearly unreasonable;

    d. At the time of firing by the officer, the officer had no probable cause to believe Johnson had committed, or was committing, any crime; and,

    e. He did not pose any threat to the safety of the officer, or other officers, or the public; and

    f. He was not actively resisting or attempting to evade arrest by flight.

41. Defendant John Doe 2 is liable in his official and individual capacities to Plaintiff Jeremiaha Johnson for the use of excessive and unnecessary force in that:

    a. Johnson was severely injured by John Doe's K-9 attack dog viciously ripping gashes into the calf muscles of his right leg;

    b. The injury resulted directly and only from a use of force that was clearly excessive; and

      c.      The excessiveness was clearly unreasonable;

      d.      At the time the dog was unleashed on Johnson, Johnson was sitting on the roadside with his arms in the air in a surrender pose;

      e.      Although Johnson was compliant and offering no resistance John Doe 2 allowed his K-9 to continue attacking Johnson's leg;

      f.      He did not pose any threat to the safety of the officer, or other officers, or the public; and

      g.      He was not actively resisting or attempting to evade arrest by flight.

42. Upon information and belief, the above-described attacks and resulting injuries to Johnson resulted from a policy, practice, custom and/or decision by the Defendant, Desoto County, and/or from Defendant Desoto County's failure to adequately train and /or supervise its officers.

## VII.

## REQUESTED RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Johnson respectfully requests the following relief:

      i.      A jury trial;

      ii.      Reasonable compensatory damages from and against each defendant, individually, jointly and severally;

      iii.      Punitive damages on Plaintiff's behalf against each individual Defendant in their individual capacities, in an amount reasonably calculated to punish each of them and to deter similar conduct by them and other similarly situated law enforcement personnel in the future;

    iv.    Plaintiff's costs of court including reasonable attorney fees and expenses pursuant to 42 U.S.C. §1988; and

    v.    General Relief.

DATED this 21st day of March, 2023.

                            RESPECTFULLY SUBMITTED,

                            JEREMIAHA JOHNSON, Plaintiff

BY:    /s/Ronald W. Lewis
          RONALD W. LEWIS, MS Bar No. 1242
          Lewis Law Firm
          404 Galleria Drive
          P.O. Box 2729
          Oxford, MS 38655
          ron@ronlewislaw.com

BY:    /s/David G. Hill
          DAVID G. HILL, MS Bar No. 2444
          Law Office of David G. Hill
          Post Office Box 429
          Oxford, MS  38655
          dhill@hmlf.net