IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JEREMIAHA JOHNSON**                                                    **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO.: 3:23cv076-GHD-JMV**

**DESOTO COUNTY, MISSISSIPPI, et al.**                        **DEFENDANTS**

**<u>DEFENDANT DESOTO COUNTY, MISSISSIPPI'S ANSWER TO COMPLAINT</u>**

COMES NOW Defendant DeSoto County, Mississippi, by and through counsel, and in response to the Complaint filed against it herein states as follows:

**<u>First Defense</u>**

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, such that it should be dismissed.

**<u>Second Defense</u>**

Defendant did not engage in any conduct amounting to deliberate indifference to the rights or needs of Plaintiff.

**<u>Third Defense</u>**

Defendant affirmatively invokes all defenses available to it set forth in Fed. R. Civ. Pro. 12(b) for which a good faith legal and/or factual basis exists or may be shown to exist in its favor.

**<u>Fourth Defense</u>**

To the extent that Plaintiff seeks to assert any claims arising under state law, Plaintiff's Notice of Claim, and/or lack thereof, was defective and not in compliance with the mandatory provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-11 such that this Court accordingly lacks subject matter jurisdiction over Plaintiff's claims asserted in the Complaint, in whole or part.

**Fifth Defense**

To the extent that Plaintiff seeks to assert any claims arising under state law, Defendant hereby invokes all protections afforded by the Mississippi Tort Claims Act, MISS. CODE ANN. §11-46-9. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6).

**Sixth Defense**

To the extent that Plaintiff seeks to assert any claims arising under state law, such claims are barred under the statutory exemptions from liability enumerated in MISS. CODE ANN. §11-46-9, *et seq.*, of the Mississippi Tort Claims Act.

**Seventh Defense**

Plaintiff failed to take reasonable steps to mitigate the damages claimed to have been sustained by him.

**Eighth Defense**

Plaintiff's claims are barred under the doctrine of governmental immunity and/or sovereign immunity.

**Ninth Defense**

Without waiving any of the defenses asserted herein, Defendant asserts the protections of Miss. Code Ann. §85-5-7.

**Tenth Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted by reason of the fact that any duty on the part of the Defendant's officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of the Defendant substantially exceed

his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

### Eleventh Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted by reason of the fact that Plaintiff's claims set forth and encompass conclusory allegations of isolated incidents and episodic acts and omissions with respect to which the Defendant neither acted nor failed to act with deliberate and conscious indifference to Plaintiff, nor did the Defendant have subjective knowledge of a substantial risk of serious harm or any other actual, threatened, or imminent constitutional violation with regard to the safety or medical care of Plaintiff which was likely to result in harm to Plaintiff.

### Twelfth Defense

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk, and the doctrine of unclean hands.

### Thirteenth Defense

To the extent that Plaintiff seeks to assert individual liability under state law, the provisions of MISS. CODE ANN. §11-46-5 and §11-46-7 are hereby invoked prohibiting individual liability under the provisions of the Miss. Tort Claims Act. To the extent that Plaintiff seeks individual liability against the Defendant under state law outside the scope of the Miss. Tort Claims Act, those claims are barred by the expiration of the applicable statute of limitations under MISS. CODE ANN. §15-1-35, or alternatively, are barred by laches, waiver, and estoppel.

### Fourteenth Defense

Defendant is not responsible for any condition of Plaintiff that pre-existed the events made the basis of his Complaint.

### Fifteenth Defense

To the extent that Plaintiff seeks to assert any claims arising under state law, such claims are barred under the doctrine of governmental immunity and/or sovereign immunity.

### Sixteenth Defense

Plaintiff's claims are barred under the doctrine of independent, intervening cause, and/or efficient superseding cause.

### Seventeenth Defense

The sole proximate cause or proximate contributing cause of Plaintiff's injuries or losses, if any, was the negligent or intentional acts of a third party or parties for whom the Defendant cannot be held responsible and which is pled as a complete bar to recovery or in diminution thereof.

### Eighteenth Defense

The injuries/damages of Plaintiff, if any, were the direct proximate result of his own conduct for which he is responsible to the exclusion of the Defendant; therefore, Plaintiff's Complaint should be dismissed.

### Nineteenth Defense

Punitive damages are not cognizable against Defendant under §1983. Defendant further invokes the safeguards of the Equal Protection and Due Process clauses of the U.S. Constitution; Article 3, Section 14 of the Mississippi Constitution; and the provisions of Miss. Code Ann. §§11-1-65 and 11-46-15(2) (1993).

**Twentieth Defense**

Pursuant to §11-46-15 of the Mississippi Tort Claims Act, Plaintiff is precluded and barred from recovering an award for exemplary or punitive damages, interest prior to judgment, or an award of attorney's fees on any purported state law claims.

**Twenty-First Defense**

No custom, policy, or practice attributable to the Defendant proximately caused any harm to Plaintiff. Likewise, no such custom, policy, or practice evinced, or was maintained with, deliberate or willful indifference.

**Twenty-Second Defense**

At no time did the Defendant breach a duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason Plaintiff's claims are barred.

**Twenty-Third Defense**

Defendant denies each and every allegation in the Complaint by which Plaintiff seeks to impose liability upon it.

**Twenty-Fourth Defense**

Defendant denies each and every allegation not specifically admitted herein.

**Twenty-Fifth Defense**

And now, responding to the Complaint numbered paragraph by numbered paragraph, Defendant DeSoto County, Mississippi, states as follows:

1. Upon information and belief, Defendant admits the allegations contained in numbered ¶ 1. of the Plaintiff's Complaint. To the extent these allegations may be construed as an admission of liability, they are denied.

2. Upon information and belief, Defendant admits the allegations contained in numbered

5

¶ 2. of the Plaintiff's Complaint.

3. Defendant admits that DeSoto County is a governmental entity. Except as specifically admitted, the remaining allegations contained in numbered ¶ 3. of the Plaintiff's Complaint are denied.

4. The allegations contained in numbered ¶ 4. of the Plaintiff's Complaint are not addressed to the answering Defendant and therefore require no response. If mistaken, and a response is required, Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 4. of the Plaintiff's Complaint.

5. The allegations contained in numbered ¶ 5. of the Plaintiff's Complaint are not addressed to the answering Defendant and therefore require no response. If mistaken, and a response is required, Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 5. of the Plaintiff's Complaint.

6. The allegations contained in numbered ¶ 6. of the Plaintiff's Complaint are not addressed to the answering Defendant and therefore require no response. If mistaken, and a response is required, Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 6. of the Plaintiff's Complaint.

7. Upon information and belief, Defendant admits the allegations contained in numbered ¶ 7. of the Plaintiff's Complaint.

8. Upon information and belief, Defendant admits the allegations contained in numbered ¶ 8. of the Plaintiff's Complaint.

9. Defendant is without sufficient information to admit or deny the allegations in numbered ¶9. of the Plaintiff's Complaint and therefore denies the same.

10. Defendant is without sufficient information to admit or deny the allegations in numbered

¶10. of the Plaintiff's Complaint and therefore denies the same.

11. Defendant admits that a DeSoto County Deputy attempted to stop the vehicle that Plaintiff was a front-seat passenger in. Except as specifically admitted, the remaining allegations contained in numbered ¶ 11. of the Plaintiff's Complaint are denied.

12. Defendant is without sufficient information to admit or deny the allegations in numbered ¶12. of the Plaintiff's Complaint and therefore denies the same.

13. Defendant admits that the driver refused to stop and drove for more than a mile while the Deputy pursued him. Except as specifically admitted, the remaining allegations contained in numbered ¶ 13. of the Plaintiff's Complaint are denied.

14. Defendant admits that the driver complied with the Deputies' commands to turn the vehicle off and exit the car. Except as specifically admitted, the remaining allegations contained in numbered ¶ 14. of the Plaintiff's Complaint are denied.

15. Defendant admits that Plaintiff was ordered to move to the driver side and ordered to exit through the driver's door. Except as specifically admitted, the remaining allegations contained in numbered ¶ 15. of the Plaintiff's Complaint are denied.

16. Defendant admits that after multiple commands had been given, Plaintiff moved into the driver's seat. Except as specifically admitted, the remaining allegations contained in numbered ¶ 16. of the Plaintiff's Complaint are denied.

17. Defendant admits that Plaintiff activated the rear brake lights when Plaintiff intentionally pressed the brake pedal to crank the vehicle and flee from the deputies. Except as specifically admitted, the remaining allegations contained in numbered ¶ 17. of the Plaintiff's Complaint are denied.

18. Defendant denies the allegations contained in numbered ¶ 18. of the Plaintiff's

Complaint.

19. Defendant denies the allegations as written in numbered ¶ 19. of the Plaintiff's Complaint.

20. Defendant admits that Plaintiff started the vehicle and drove away to flee from the deputies. Except as specifically admitted, the remaining allegations contained in numbered ¶ 20. of the Plaintiff's Complaint are denied.

21. Defendant admits that Plaintiff fled from the deputies for approximately a mile and then wrecked as Plaintiff attempted to turn off of Red Banks Road and head East on Interstate 78 in DeSoto County, Mississippi. Except as specifically admitted, the remaining allegations contained in numbered ¶ 21. of the Plaintiff's Complaint are denied.

22. Defendant admits that Plaintiff exited the wrecked vehicle and fled on foot. Except as specifically admitted, the remaining allegations contained in numbered ¶ 22. of the Plaintiff's Complaint are denied.

23. Defendant admits that a K-9 was released in response to Plaintiff fleeing on foot from the wrecked vehicle. Except as specifically admitted, the remaining allegations contained in numbered ¶ 23. of the Plaintiff's Complaint are denied.

24. Defendant admits that Plaintiff was bitten by the K-9 on Plaintiff's right calf. Except as specifically admitted, the remaining allegations contained in numbered ¶ 24. of the Plaintiff's Complaint are denied.

25. Defendant admits that Plaintiff was taken into custody. Except as specifically admitted, the remaining allegations contained in numbered ¶ 25. of the Plaintiff's Complaint are denied.

26. Defendant admits that EMS was called and responded to the scene where Johnson had wrecked and fled on foot. Except as specifically admitted, the remaining allegations contained in

numbered ¶ 26. of the Plaintiff's Complaint are denied.

27. Defendant admits that Plaintiff was taken by ambulance from the scene to Region One Hospital in Memphis, Tennessee. Except as specifically admitted, the remaining allegations contained in numbered ¶ 27. of the Plaintiff's Complaint are denied.

28. Upon information and belief, Defendant admits the allegations contained in numbered ¶ 28. of the Plaintiff's Complaint.

29. Upon information and belief, Defendant admits the allegations contained in numbered ¶ 29. of the Plaintiff's Complaint.

30. The allegations contained in numbered ¶ 30. of the Plaintiff's Complaint are not addressed to the answering Defendant and therefore require no response. If mistaken, and a response is required, Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 30. of the Plaintiff's Complaint.

31. Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 31. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendant, they are denied.

32. Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 32. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendant, they are denied.

33. Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 33. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendant, they are denied.

34. Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 34. of the Plaintiff's Complaint. To the extent these allegations

may be construed as adverse to the interest of the Defendant, they are denied.

35. Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 35. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendant, they are denied.

36. Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 36. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendant, they are denied.

37. Defendant is without sufficient information to admit or deny and therefore denies the allegations contained in numbered ¶ 37. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendant, they are denied.

38. Defendant denies the allegations contained in numbered ¶ 38. of the Plaintiff's Complaint.

39. Defendant herein incorporates and references all previous answers and defenses to numbered ¶ 1. - 38., as though fully set forth herein.

40. Defendant denies the allegations contained in numbered ¶ 40. of the Plaintiff's Complaint, including subparts a.- f.

41. Defendant denies the allegations contained in numbered ¶ 41. of the Plaintiff's Complaint, including subparts a.- g.

42. Defendant denies the allegations contained in numbered ¶ 42. of the Plaintiff's Complaint.

Responding to the Plaintiff's unnumbered paragraph which immediately follows numbered ¶42. of the Plaintiff's Complaint, Defendant admits that Plaintiff is entitled to a jury trial only on his §1983 claims. Defendant denies that Plaintiff is entitled to an award for any economic damages,

actual damages, compensatory damages, special damages, punitive damages, an award of money for attorney's fees or costs, expenses, interest, or any relief or damages whatsoever.

AND NOW, having fully responded to the Plaintiff's Complaint, and having alleged affirmative matters in response thereto, Defendant DeSoto County, Mississippi, again denies that it is liable to the Plaintiff for damages in any amount and respectfully requests that this action be dismissed with prejudice and that all costs be assessed to the Plaintiff.

Defendant reserves the right to plead further herein, and specifically reserves the right to amend its Answer to assert any additional defenses which may be disclosed during the course of discovery.

**DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES ENTITLED TO SAME**.

                    Respectfully submitted,

                    /s/ *R. Jeff Allen*
                    R. Jeff Allen (Bar No. 10593)
                    rjallen@huntross.com
                    J. Cody Hallmark (Bar No. 105941)
                    jcodyhallmark@huntross.com
                    HUNT ROSS & ALLEN
                    P.O. Box 1196
                    Clarksdale, MS 38614
                    662-627-5251 (telephone)
                    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, R. Jeff Allen, hereby certify that on May 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

<table>
<tr><td>Ronald W. Lewis<br>ron@ronlewislaw.com<br>Lewis Law Firm<br>404 Galleria Drive<br>P.O. Box 2729<br>Oxford, MS 38655<br>***Attorney for Plaintiff***</td><td>David G. Hill<br>dhill@hmlf.net<br>Law Office of David G. Hill<br>P.O. Box 429<br>Oxford, MS 38655<br>***Attorney for Plaintiff***</td></tr>
</table>

This, the 25th day of May, 2023.

/s/ *R. Jeff Allen*
R. Jeff Allen