UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JEREMIAHA JOHNSON,
PLAINTIFF

VS.  CIV. CAUSE # 3:23-CV-076-GHD-JMV

DESOTO COUNTY, MISS.

SGT. JOE WEATHERLY
   in his official and individual capacities;

DEPUTY JASON CRAWFORD
   in his individual capacity;

DEPUTY JACOB CONERLY
   in his individual capacity; and

OTHER UNKNOWN INDIVIDUAL
STATE ACTORS AND ENTITIES 4-10,
DEFENDANTS

JURY TRIAL DEMANDED

I.

FIRST AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Jeremiaha Johnson, and files this, his First Amended Complaint against the Defendants and in support would show the following:

II.

JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§1983 and 1988. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3) and (4). Venue is proper in this court pursuant to 28 U.S.C. § 1391 because the causes of action arose in this judicial district and division.


EXHIBIT "A"

## III.

## PARTIES

2.     **Plaintiff Jeremiaha Johnson** is an adult resident citizen of Red Banks, Marshall County, Mississippi 38661.

3.     **Defendant Desoto County** is a political subdivision of the State of Mississippi in the Northern Judicial District and may be served with process upon delivery of copies of a summons and complaint upon the president or clerk of the Board of Supervisors.

4.     **Defendant Sgt. Joe Weatherly** may be served with process upon delivering copies of a summons and complaint to him personally at his place of employment, the Desoto County Sheriff's Department, 3091 Industrial Dr. W, Hernando, MS 38632 or by leaving copies of the summons and complaint at his usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years, who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left.

5.     **Defendant Deputy Jason Crawford** may be served with process upon delivering copies of a summons and complaint to him personally at his place of employment, the Desoto County Sheriff's Department, 3091 Industrial Dr. W, Hernando, MS 38632 or by leaving copies of the summons and complaint at his usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years, who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left.

6.     **Defendant Jacob Conerly** may be served with process upon delivering copies of a summons and complaint to him personally at his place of employment, the Desoto County Sheriff's Department, 3091 Industrial Dr. W, Hernando, MS 38632 or by leaving copies of the summons and complaint at his usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years, who is willing to receive service,

and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left.

7. **Defendants John Does 4-10** are unknown state actor individuals or entities who may be served with process upon delivering copies of a summons and complaint to each personally at their place of employment, the Desoto County Sheriff's Department, 3091 Industrial Dr. W, Hernando, MS 38632 or by leaving copies of the summons and complaint at the usual place of abode of each with the defendant's spouse or some other person of the defendant's family above the age of sixteen years, who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left, or if an entity, with its registered agent for service of process.. These John Doe Defendants may include any and all persons and/or entities involved in, or with knowledge of the events surrounding Mr. Johnson's First Amended Complaint, or any and all employees, agents and /or other entities who may be liable to Mr. Johnson for the actions and/or inactions described in this Complaint. John Does 4-10 may have aided and abetted the actions of Defendant Sgt. Joe Weatherly and/or Deputy Jason Crawford and/or Defendant Deputy Jacob Conerly, and/or Defendant Desoto County. Plaintiff can learn their identities and involvement, if any, only though discovery processes.

## IV.
## FACTS

8. On Wednesday, September 14, 2022, at about 11:30 p.m., Plaintiff Jeremiaha Johnson and his companion, Jeffrey Schooling, were riding in a vehicle on Old Highway 78 in Desoto County. Schooling was the driver and Johnson was sitting in the front passenger seat.

9. The vehicle belonged to Johnson's sister.

10. The men were headed toward Byhalia, Mississippi, two or three miles away.

11.     A Desoto County Sheriff's vehicle sat in a service station parking lot alongside the highway as the two men drove past.

12.     The Sheriff's vehicle, driven by Desoto County Deputy Sgt. Hunter Garrett, fell in behind the two men and followed at a distance before finally pulling up immediately behind them and activating its blue lights.

13.     Schooling was not speeding.  Plaintiff Johnson is not aware of the reason for the blue lights although Sgt. Garrett later reported that the vehicle had an unusually bright car tag light and a switched tag.

14.     Schooling did not immediately stop.  He drove on slowly for about two miles while being repeatedly bumped by Garrett's cruiser.  There was very little room to pull over.

15.     Schooling finally pulled over and stepped out of the car, as ordered by Sgt. Garrett.

16.     Sgt. Garrett arrested him, handcuffed him and placed him in the police cruiser.

17.     Sgt. Garrett later reponted that Plaintiff Jeremiaha Johnson briefly stepped out of the car on the passenger side, but got back in when ordered to do so.  However, Johnson denies he stepped out of the vehicle.

18.     Meanwhile Desoto County K-9 officer, Sgt. Joe Weatherly, arrived on the scene and took charge, commanding the "passenger", Johnson, to exit the vehicle on the driver's side.

19.     Sgt. Weatherly threatened to release his dog, which was barking furiously, but tightly restrained by Weatherly.  Firearms were aimed by other unknown officers at the suspect vehicle.

20.     Johnson, who, at 260 pounds and six feet four inches tall, is much larger than Schooling, began to squeeze past the steering wheel toward the door.

21.     His foot contacted the brake pedal.

22. Suddenly the brake lights of the suspect vehicle lit up and the vehicle barely began to move, when Sgt. Weatherly shouted, "He is trying to run! Shoot"!

23. Deputy Crawford blasted a large hole in the rear window of the vehicle, using a "less than lethal" shotgun.

24. A pellet lodged in Johnson's back, just below the nape of his neck.

25. Deputy Conerly immediately fired four shots with his service handgun at Johnson. Two lethal bullets penetrated the rear window of the vehicle, but missed Johnson. Conerly also ricocheted two more shots off the top of the roof of the car.

26. Fearing for his life, Johnson sped away.

27. He drove for a short distance, but the vehicle battery disconnected and the car died and he lost control and rolled into a ditch.

28. He exited the vehicle and thought about running, but he saw other deputies and decided not to run. He sat down on the ground with his hands in the air about 20 feet away from the car, facing the road.

29. K-9 officer Joe Weatherly was not far behind. He released his K-9, Sting, which first jumped into the car, then circled the car and then spied Johnson seated on the slope above the ditch. The dog lunged toward Johnson.

30. Weatherly reached for the dog's harness, but missed it.

31. The dog grabbed Johnson's right leg and ripped his pant leg and his lower leg.

32. The dog ripped deep gashes in Johnson's right calf.

33. Weatherly and a couple of other officers worked on handcuffing Johnson behind his back while the dog continued to gnaw at his leg.

34. Finally Weatherly got control of his dog and other deputies started to assist with bandaging the injuries.

35. An ambulance was called and an EMT performed an emergency procedure to stem the blood flow.

36. Johnson was then taken by ambulance on September 14, 2022, to the Region One Hospital, known generally as The Med, in Memphis, where he received emergency wound care while remaining under guard by deputies.

37. Upon release from the hospital five days later on September 19, Johnson was escorted to the Desoto County Jail, where he received wound treatment by a nurse.

38. After several days in jail, he finally made bail on the Desoto County charges on September 27, but Marshall County had a hold on him and he was transferred to the jail there in Holly Springs.

39. At that jail he was denied daily medical treatment since there was no nurse on staff.

40. However, he was transported by deputies to the Med for a follow-up appointment on September 29, 16 days after the dog attack. On other days he doctored his wounds himself until he was finally released from jail on October 6, 2022, after a friend contacted a judge and told him about the serious wounds. Johnson was also suffering a staph infection at that point.

41. Once he was released from jail, he was taken by the friend on October 9, to the emergency room at Methodist Le Bonheur Healthcare in Olive Branch, Mississippi, where his swollen leg was treated by a nurse practitioner, who put him on IV antibiotics for infection..

42. His medical record at Le Bonheur reflects that he judged his pain to be at 10, the highest rating.

43. He was released from the emergency room that day with instructions for self-care at home.

44. However, Johnson could not successfully treat his wounds and on November 1, 2022 he was seen as an outpatient at the wound center of the Baptist North Mississippi Hospital in Oxford and was approved for outpatient wound care, starting on November 1.

45. However, he was refused antibiotics, so he went back to Methodist Olive Branch, where he was placed on IV antibiotics again for infection .

46. There, he had a bad allergic reaction to one of the medications, so they stopped the IV and discharged him to home with antibiotics and self-care.

V.

DAMAGES

47. As a direct and proximate result of the above-described attacks, Johnson has suffered and continues to suffer damages, including, but not limited to severe physical pain and suffering, temporary and permanent physical disability, mental anguish and emotional distress, embarrassment, fear, humiliation and loss of enjoyment of life, as well as medical expenses, lost wages, and loss of future earning capacity.

VI.

CLAIMS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS
OF THE U.S. CONSTITUTION.

48. Plaintiff hereby re-alleges and incorporates herein all of the allegations contained in the foregoing paragraphs.

49. Defendant Joe Weatherly is liable in his official and individual capacities to Plaintiff Jeremiaha Johnson for the use of excessive and unnecessary force in that:

    a. Without cause, he ordered that Johnson, a person about whom he knew nothing, be shot, causing him to be severely injured, when on Weatherly's order Defendant Deputy Crawford fired a shotgun, shattering the rear window of the vehicle in which Johnson was a passenger, striking him with a pellet in the back, for which Crawford is also liable. Deputy Conerly is also liable for attempting to use lethal force on him, i.e., shooting four bullets at him from his service firearm, two of which entered the vehicle through the rear window and two of which ricocheted off the roof of the vehicle.

    b. The injury and fear for Johnson's life resulted directly and only from a use of force that was clearly excessive, and :

    c. The excessiveness was clearly unreasonable.

    d. At the time of firing by the officers, the officers had no probable cause to believe Johnson had committed, or was committing any crime, and,

    e. He did not pose any threat to the safety of the officer, or other officers, or the public, and,

    f. He was not actively resisting and had done nothing warranting the use of deadly force against him.

50. Defendant Joe Weatherly is also liable in his official and individual capacities to Plaintiff Jeremiaha Johnson for the use of excessive and unnecessary force in that:

    a. Johnson was severely injured by Weatherley's K-9 attack dog viciously ripping gashes into the calf muscles of his right leg.

    b. The injury resulted directly and only from a use of force that was clearly excessive, and,

    c. The excessiveness was clearly unreasonable.

    d. At the time the dog was unleashed on Johnson, Johnson was squatting on the roadside with his arms in the air in a surrender pose.

    e. Although Johnson was compliant and offering no resistance Weatherly allowed his K-9 to continue attacking Johnson's leg while he handcuffed Johnson behind his back.

      f.. Johnson did not pose any threat to the safety of the officer, or other officers, or the public; and,

      g. He was not actively resisting or attempting to evade arrest by flight at that point.

51.    Upon information and belief, the above-described attacks and resulting injuries to Johnson stemmed from a policy, practice , custom and/or decision by the Defendant, Desoto County, and/or from Defendant Desoto County's failure to adequately train and /or supervise its officers.

## VII.
## REQUESTED RELIEF

52.    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff Johnson respectfully requests the following relief:

    i.    A jury trial;

    ii.    Reasonable compensatory damages from and against each defendant, individually, jointly and severally;

    iii.    Punitive damages on Plaintiff's behalf against each individual Defendant in their individual capacities; in an amount reasonably calculated to punish each of them and to deter similar conduct by them and other similarly situated law enforcement personnel in the future.

    iv.    Plaintiff's costs of court including reasonable attorney fees and expenses pursuant to 42 U.S.C. §1988;

    v.    General Relief

**RESPECTFULLY SUBMITTED,**

JEREMIAHA JOHNSON

BY *s/Ronald W. Lewis*

RONALD W. LEWIS
MISS. BAR # 1242
LEWIS LAW FIRM
404 GALLERIA DR. STE. 5
P.O. BOX 2729
OXFORD, MS 38655
ron@ronlewislaw.com

BY: *s/ David G. Hill*

DAVID G. HILL
MISS. BAR NO. 2444
HILL & MINYARD, P.A.
P.O. BOX 429
OXFORD, MS 38655
PHONE: 662-234-4315
FAX: 662-236-7996