**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JEREMIAHA JOHNSON**                                               **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO.: 3:23cv076-GHD-JMV**

**DESOTO COUNTY, MISSISSIPPI, et al.**                      **DEFENDANTS**

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

COME NOW Defendants DeSoto County, Mississippi, Joe Weatherly, Jason Crawford, and Jacob Conerly, (hereafter "Defendants"),by and through counsel, and in response to the First Amended Complaint (hereafter "Complaint") filed against them herein states as follows:

**First Defense**

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted, including, but not limited to, the defense of qualified immunity as to the individually named Defendants herein.

**Second Defense**

Defendants did not engage in any conduct amounting to deliberate indifference to the rights or needs of Plaintiff.

**Third Defense**

Defendants affirmatively invoke all defenses available to them set forth in FED. R. CIV. PRO. 12(b) for which a good faith legal and/or factual basis exists or may be shown to exist in their favor.

**Fourth Defense**

To the extent that Plaintiff seeks to assert any claims arising under state law, Plaintiff's Notice of Claim, and/or lack thereof, was defective and not in compliance with the mandatory provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. §11-46-11 such that this Court

accordingly lacks subject matter jurisdiction over Plaintiff's claims asserted in the Complaint, in whole or part.

### Fifth Defense

To the extent that Plaintiff seeks to assert any claims arising under state law, Defendants hereby invoke all protections afforded by the Mississippi Tort Claims Act, MISS. CODE ANN. §11-46-9. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6).

### Sixth Defense

To the extent that Plaintiff seeks to assert any claims arising under state law, such claims are barred under the statutory exemptions from liability enumerated in MISS. CODE ANN. §11-46-9, *et seq.*, of the Mississippi Tort Claims Act.

### Seventh Defense

Plaintiff failed to take reasonable steps to mitigate the damages claimed to have been sustained by him.

### Eighth Defense

Plaintiff's claims are barred under the doctrine of governmental immunity and/or sovereign immunity.

### Ninth Defense

Without waiving any of the defenses asserted herein, Defendants assert the protections of Miss. Code Ann. §85-5-7.

### Tenth Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted by reason of the

fact that any duty on the part of the Defendants involved the use of discretion, and at no time did any governmental actor acting on behalf of the Defendants substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

### Eleventh Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted by reason of the fact that Plaintiff's claims set forth and encompass conclusory allegations of isolated incidents and episodic acts and omissions with respect to which the Defendants neither acted nor failed to act with deliberate and conscious indifference to Plaintiff, nor did the Defendants have subjective knowledge of a substantial risk of serious harm or any other actual, threatened, or imminent constitutional violation with regard to the safety or medical care of Plaintiff which was likely to result in harm to Plaintiff.

### Twelfth Defense

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk, and the doctrine of unclean hands.

### Thirteenth Defense

To the extent that Plaintiff seeks to assert individual liability against the Defendants under state law, the provisions of MISS. CODE ANN. §11-46-5 and §11-46-7 are hereby invoked prohibiting individual liability under the provisions of the Miss. Tort Claims Act. To the extent that Plaintiff seeks individual liability against the Defendants under state law outside the scope of the Miss. Tort

3

Claims Act, those claims are barred by the expiration of the applicable statute of limitations under MISS. CODE ANN. §15-1-35, or alternatively, are barred by laches, waiver, and estoppel.

## Fourteenth Defense

Defendants are not responsible for any condition of Plaintiff that pre-existed the events made the basis of his Complaint.

## Fifteenth Defense

To the extent that Plaintiff seeks to assert any claims arising under state law, such claims are barred under the doctrine of governmental immunity and/or sovereign immunity.

## Sixteenth Defense

Plaintiff's claims are barred under the doctrine of independent, intervening cause, and/or efficient superseding cause.

## Seventeenth Defense

The sole proximate cause or proximate contributing cause of Plaintiff's injuries or losses, if any, was the negligent or intentional acts of a third party or parties for whom the Defendants cannot be held responsible and which is pled as a complete bar to recovery or in diminution thereof.

## Eighteenth Defense

The injuries/damages of Plaintiff, if any, were the direct proximate result of his own conduct for which he is responsible to the exclusion of the Defendants; therefore, Plaintiff's Complaint should be dismissed.

## Nineteenth Defense

Punitive damages are not cognizable against the Defendants under §1983. Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the U.S.

4

Constitution; Article 3, Section 14 of the Mississippi Constitution; and the provisions of Miss. Code Ann. §§11-1-65 and 11-46-15(2) (1993).

### Twentieth Defense

Pursuant to §11-46-15 of the Mississippi Tort Claims Act, Plaintiff is precluded and barred from recovering an award for exemplary or punitive damages, interest prior to judgment, or an award of attorney's fees on any purported state law claims.

### Twenty-First Defense

No custom, policy, or practice attributable to the Defendants proximately caused any harm to Plaintiff. Likewise, no such custom, policy, or practice evinced, or was maintained with, deliberate or willful indifference.

### Twenty-Second Defense

At no time did the Defendants breach a duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason Plaintiff's claims are barred.

### Twenty-Third Defense

At all times, Defendants acted in good faith reliance upon then-existing laws and are entitled to qualified immunity or absolute immunity.

### Twenty-Fourth Defense

Plaintiff suffered no loss or deprivation of rights, privileges, or immunities afforded to him by the United States Constitution or applicable federal or state law.

### Twenty-Fifth Defense

Defendants deny each and every allegation in the Complaint by which Plaintiff seeks to impose liability upon them.

## **Twenty-Sixth Defense**

Defendants deny each and every allegation not specifically admitted herein.

## **Twenty-Seventh Defense**

And now, responding to the Complaint numbered paragraph by numbered paragraph, Defendants state as follows:

1.    Upon information and belief, Defendants admit the allegations contained in numbered ¶ 1. of the Plaintiff's Complaint.  To the extent these allegations may be construed as an admission of liability, they are denied.

2.    Upon information and belief, Defendants admit the allegations contained in numbered ¶ 2. of the Plaintiff's Complaint.

3.    Defendant DeSoto County admits that it is a governmental entity.  Except as specifically admitted, the remaining allegations contained in numbered ¶ 3. of the Plaintiff's Complaint are denied.

4.    Defendant Joe Weatherly admits the allegations contained in numbered ¶ 4. of the Plaintiff's Complaint.  To the extent these allegations may be construed as an admission of liability, they are denied.

5.    Defendant Jason Crawford admits the allegations contained in numbered ¶ 5. of the Plaintiff's Complaint.  To the extent these allegations may be construed as an admission of liability, they are denied.

6.    Defendant Jacob Conerly admits the allegations contained in numbered ¶ 6. of the Plaintiff's Complaint.  To the extent these allegations may be construed as an admission of liability, they are denied.

7.    The allegations contained in numbered ¶ 7. of the Plaintiff's Complaint are not addressed

to the answering Defendants and therefore require no response. If mistaken, and a response is required, Defendants are without sufficient information to admit or deny and therefore deny the allegations contained in numbered ¶ 7. of the Plaintiff's Complaint.

8. Upon information and belief, Defendants admit the allegations contained in numbered ¶ 8. of the Plaintiff's Complaint.

9. Upon information and belief, Defendants admit the allegations contained in numbered ¶ 9. of the Plaintiff's Complaint.

10. Defendants are without sufficient information to admit or deny and therefore deny the allegations in numbered ¶ 10. of the Plaintiff's Complaint.

11. Defendants are without sufficient information to admit or deny and therefore deny the allegations in numbered ¶ 11. of the Plaintiff's Complaint.

12. Defendants admit that a DeSoto County Deputy attempted to stop the vehicle that Plaintiff was a front-seat passenger in. Except as specifically admitted, the remaining allegations contained in numbered ¶ 12. of the Plaintiff's Complaint are denied.

13. Defendants are without sufficient information to admit or deny and therefore deny the allegations in numbered ¶13. of the Plaintiff's Complaint.

14. Defendants admit that the driver refused to stop initially and continued driving for more than a mile with a Deputy pursuing him. Except as specifically admitted, the remaining allegations contained in numbered ¶ 14. of the Plaintiff's Complaint are denied.

15. Defendants admit that the driver eventually stopped the vehicle. Defendants admit that the driver complied with Defendant Deputy Weatherly's commands to turn off the vehicle off and exit the car. Except as specifically admitted, the remaining allegations contained in numbered ¶ 15. of the Plaintiff's Complaint are denied.

16. Defendants admit that Sergeant Hunter Garrett handcuffed the driver and that Sergeant Garrett placed the driver in Garrett's patrol vehicle. Except as specifically admitted, the remaining allegations contained in numbered ¶ 16. of the Plaintiff's Complaint are denied.

17. Defendants admit Sergeant Hunter Garrett reported that when the vehicle finally stopped, Plaintiff Johnson stepped out of the vehicle and that Plaintiff complied with Sergeant Garrett's order to get back in the vehicle. Except as specifically admitted, the remaining allegations contained in numbered ¶ 17. of the Plaintiff's Complaint are denied.

18. Defendants deny that Deputy Weatherly arrived after the driver was handcuffed and placed in a patrol vehicle. Instead, Deputy Weatherly arrived prior to the driver exiting the car and Deputy Weatherly is the officer that commanded the driver to turn off the vehicle and exit the car. Defendants admit that Deputy Weatherly ordered Plaintiff to exit the vehicle on the driver's side. Except as specifically admitted, any remaining allegations contained in numbered ¶ 18. of the Plaintiff's Complaint are denied.

19. Defendants admit that after Plaintiff failed to follow multiple commands from Deputy Weatherly, Plaintiff was warned that the K-9 may be utilized. Defendants admit that another Deputy had a less-lethal beanbag shotgun aimed at the vehicle during this time. Defendants are without sufficient information to admit or deny and therefore deny the remaining allegations contained in numbered ¶ 19. of the Plaintiff's Complaint.

20. Defendants admit that after multiple commands had been given, Plaintiff moved into the driver's seat. Except as specifically admitted, any remaining allegations contained in numbered ¶ 20. of the Plaintiff's Complaint are denied.

21. Defendants admit that Plaintiff intentionally pressed the brake pedal when Plaintiff started the vehicle to flee from the deputies. Except as specifically admitted, the remaining

8

allegations contained in numbered ¶ 21. of the Plaintiff's Complaint are denied.

22. Defendants admit that the rear brake lights were activated when Plaintiff pressed the brakes as Plaintiff started the vehicle to flee from the deputies. Defendants admit that when Plaintiff began to flee from the deputies in the vehicle, the command was given to shoot the back window out with the less-lethal beanbag shotgun. Except as specifically admitted, any remaining allegations contained in numbered ¶ 22. of the Plaintiff's Complaint are denied.

23. Defendants admit that a less-lethal beanbag round was fired into the back windshield of the vehicle as Plaintiff fled from the deputies. Except as specifically admitted, any remaining allegations in numbered ¶ 23. of the Plaintiff's Complaint are denied.

24. Defendants deny the allegations in numbered ¶ 24. of the Plaintiff's Complaint.

25. Defendants admit that four handgun rounds were fired as Plaintiff fled from the deputies. Defendants admit that none of the handgun rounds contacted Plaintiff Johnson's person. Except as specifically admitted, any remaining allegations in numbered ¶ 25. of the Plaintiff's Complaint are denied.

26. Defendants admit that Plaintiff sped away from the traffic stop and fled from the deputies. Except as specifically admitted, the remaining allegations in numbered ¶ 26. of the Plaintiff's Complaint are denied.

27. Defendants admit that Plaintiff fled from the deputies for approximately a mile and that Plaintiff wrecked as he attempted to turn off of Red Banks Road onto the on ramp heading East on Interstate 78 in DeSoto County, Mississippi. Except as specifically admitted, the remaining allegations contained in numbered ¶ 27. of the Plaintiff's Complaint are denied.

28. Defendants admit that Plaintiff exited the wrecked vehicle and fled on foot. Except as specifically admitted, the remaining allegations contained in numbered ¶ 28. of the Plaintiff's

Complaint are denied.

29.  Defendants admit that the K-9 was released in response to Plaintiff fleeing on foot from the wrecked vehicle.  Except as specifically admitted, the remaining allegations contained in numbered ¶ 29. of the Plaintiff's Complaint are denied.

30.  Defendants deny the allegations as specifically stated in numbered ¶ 30. of the Plaintiff's Complaint.

31.  Defendants admit that the K-9 made contact with Plaintiff's pants and Plaintiff's right leg.  Except as specifically admitted, the remaining allegations contained in numbered ¶ 31. of the Plaintiff's Complaint are denied.

32.  Defendants admit that Plaintiff was bitten by the K-9 on Plaintiff's right calf.  Except as specifically admitted, the remaining allegations contained in numbered ¶ 32. of the Plaintiff's Complaint are denied.

33.  Defendants admit that Plaintiff was secured in handcuffs.  Except as specifically admitted, the remaining allegations contained in numbered ¶ 33. of the Plaintiff's Complaint are denied.

34.  Defendants admit that deputies provided first-aid to Plaintiff after Plaintiff was secured in handcuffs.  Except as specifically admitted, the remaining allegations contained in numbered ¶ 34. of the Plaintiff's Complaint are denied.

35.  Defendants admit that EMS was called and responded to the scene where Plaintiff Johnson had wrecked and fled on foot.  Except as specifically admitted, the remaining allegations contained in numbered ¶ 35. of the Plaintiff's Complaint are denied.

36.  Defendants admit that Plaintiff was taken by ambulance from the scene to Region One Hospital in Memphis, Tennessee.  Except as specifically admitted, the remaining allegations

contained in numbered ¶ 36. of the Plaintiff's Complaint are denied.

37. Upon information and belief, Defendants admit the allegations contained in numbered ¶ 37. of the Plaintiff's Complaint.

38. Upon information and belief, Defendants admit the allegations contained in numbered ¶ 38. of the Plaintiff's Complaint.

39. The allegations contained in numbered ¶ 39. of the Plaintiff's Complaint do not appear to be addressed to the answering Defendants and therefore require no response. If mistaken, and a response is required, Defendants are without sufficient information to admit or deny and therefore deny the allegations contained in numbered ¶ 39. of the Plaintiff's Complaint.

40. Defendants are without sufficient information to admit or deny and therefore deny the allegations contained in numbered ¶ 40. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendants, they are denied.

41. Defendants are without sufficient information to admit or deny and therefore deny the allegations contained in numbered ¶ 41. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendants, they are denied.

42. Defendants are without sufficient information to admit or deny and therefore deny the allegations contained in numbered ¶ 42. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendants, they are denied.

43. Defendants are without sufficient information to admit or deny and therefore deny the allegations contained in numbered ¶ 43. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendants, they are denied.

44. Defendants are without sufficient information to admit or deny and therefore deny the allegations contained in numbered ¶ 44. of the Plaintiff's Complaint. To the extent these allegations

may be construed as adverse to the interest of the Defendants, they are denied.

45. Defendants are without sufficient information to admit or deny and therefore deny the allegations contained in numbered ¶ 45. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendants, they are denied.

46. Defendants are without sufficient information to admit or deny and therefore deny the allegations contained in numbered ¶ 46. of the Plaintiff's Complaint. To the extent these allegations may be construed as adverse to the interest of the Defendants, they are denied.

47. Defendants deny the allegations contained in numbered ¶ 47. of the Plaintiff's Complaint.

48. Defendants herein incorporate and reference all previous answers and defenses to numbered ¶ 1. - 47., as though fully set forth herein.

49. Defendants deny the allegations contained in numbered ¶ 49. of the Plaintiff's Complaint, including subparts a.- f.

50. Defendants deny the allegations contained in numbered ¶ 50. of the Plaintiff's Complaint, including subparts a.- g.

51. Defendants deny the allegations contained in numbered ¶ 51. of the Plaintiff's Complaint.

52. As to subpart i. within numbered ¶ 52. of the Plaintiff's Complaint, Defendants admit that Plaintiff is entitled to a jury trial only on his §1983 claims. As to subparts ii. - v. within numbered ¶ 52. of the Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to an award for any economic damages, actual damages, compensatory damages, special damages, punitive damages, an award of money for attorney's fees or costs, expenses, interest, or any other general relief or damages whatsoever.

12

AND NOW, having fully responded to the Plaintiff's Complaint, and having alleged affirmative matters in response thereto, Defendants again deny that they are liable to the Plaintiff for damages in any amount and respectfully request that this action be dismissed with prejudice and that all costs be assessed to the Plaintiff.

Defendants reserve the right to plead further herein, and specifically reserve the right to amend their Answer to assert any additional defenses which may be disclosed during the course of discovery.

**DEFENDANTS RESPECTFULLY REQUEST A TRIAL BY JURY ON ALL ISSUES ENTITLED TO SAME**.

Respectfully submitted,

/s/ *J. Cody Hallmark*
J. Cody Hallmark (Bar No. 105941)
jcodyhallmark@huntross.com
R. Jeff Allen (Bar No. 10593)
rjallen@huntross.com
HUNT ROSS & ALLEN
P.O. Box 1196
Clarksdale, MS 38614
662-627-5251 (telephone)
ATTORNEYS FOR DEFENDANTS
DESOTO COUNTY, MISSISSIPPI,
JOE WEATHERLY, JASON CRAWFORD, AND
JACOB CONERLY

**CERTIFICATE OF SERVICE**

I, J. Cody Hallmark, hereby certify that on September 21, 2023, I electronically filed the

foregoing document with the Clerk of the Court using the CM/ECF system which sent notification

of such filing to the following:

| | |
|---|---|
| Ronald W. Lewis | David G. Hill |
| ron@ronlewislaw.com | dhill@hmlf.net |
| Lewis Law Firm | Law Office of David G. Hill |
| 404 Galleria Drive | P.O. Box 429 |
| P.O. Box 2729 | Oxford, MS 38655 |
| Oxford, MS 38655 | ***Attorney for Plaintiff*** |
| ***Attorney for Plaintiff*** | |

This, the 21st day of September, 2023.

/s/ *J. Cody Hallmark*

J. Cody Hallmark

14